**State of Vermont**
**Superior Court—Environmental Division**

==================================================================
# E N T R Y  R E G A R D I N G  M O T I O N
==================================================================

**In re Chaves Londonderry Gravel Pit, LLC and David Chaves**          **Docket No. 60-4-11 Vtec**
**(Appeal of Act 250 District 2 Environmental Commission Decision)**

Title: Motion to Dismiss Thomas Ettinger (Filing No. 1)

Filed: August 15, 2011

Filed By: Appellants Chaves Londonderry Gravel Pit, LLC and David Chaves

Response in opposition filed on 8/30/11 by Cross-Appellant Thomas Ettinger

Reply filed on 9/9/11 by Appellants Chaves Londonderry Gravel Pit, LLC and David Chaves

Additional Response filed on 12/9/11 by Cross-Appellant Riverside Farm

  _X_ Granted                    ___ Denied                    ___ Other

Chaves Londonderry Gravel Pit, LLC and David Chaves ("Appellants") appeal certain findings contained in the District 2 Environmental Commission's ("the District Commission") March 4, 2011 Findings of Fact and Conclusions of Law and Order concerning an Act 250 permit issued for the expanded operation of a pre-existing quarry in the Town of Londonderry, Vermont. They also appeal the District Commission's subsequent April 11, 2011 Memorandum of Decision on Motion to Alter. Thomas Ettinger, individually and as a representative of Riverside Farm, cross-appeals,[1] as does Nancy Kemper.

Appellants have now filed a motion to dismiss Thomas Ettinger, individually, as a party to this matter. They contend that he neither requested nor obtained individual party status before the District Commission, but rather was granted party status solely as a representative of Riverside Farm. In response, Mr. Ettinger quotes portions of the District Commission's April 11, 2011 Memorandum of Decision on the Motion to Alter its original March 4, 2011 decision.

In an Entry Order dated November 23, 2011, this Court asked Mr. Ettinger, as a representative of Riverside Farm, to provide the Court with documentation addressing Riverside Farm's status, Mr. Ettinger's relationship to Riverside Farm, and whether Mr. Ettinger possesses authority to speak on behalf of and bind Riverside Farm.

In response to our Entry Order, Mr. Ettinger submitted documentation indicating that Riverside Farm was once, although it may not still be, incorporated. The documentation also indicates that Mr. Ettinger is a board member of Riverside Farm.

---

[1] We note that the issue before this Court on the pending motion to dismiss is whether Thomas Ettinger is a party to this action individually or solely as a representative of Riverside Farm. We use both terms here because his statement of questions and his cross-appeal address him as such.

This documentation does not alter our previous conclusion that it is Riverside Farm, not Mr. Ettinger individually, that is a party to this action. In our November 23, 2011 Entry Order, we stated the following:

> The District Commission's April 11, 2011 decision references Mr. Ettinger's motion as "a party" in the District Commission proceedings, but the referenced provisions in no way announced a new party status determination. The only relevant party status determination announced by the District Commission is that "Thomas Ettinger, representing Riverside Farm," was granted party status. In re Chaves Londonderry Gravel Pit, LLC, and David Chaves, Findings of Fact and Conclusion of Law and Order, at 4, ¶ 3 (District 2 Envtl. Comm'n Mar. 4, 2011). The District Commission never specifically granted party status to Mr. Ettinger individually in its April 11, 2011 decision.

The documentation that Mr. Ettinger provided does not change our conclusion that, in light of the District Commission's party status determination, Mr. Ettinger was granted party status only as a representative of Riverside Farm. We therefore **GRANT** Appellants' motion to dismiss Thomas Ettinger, individually, as a party to this matter.

Moreover, we note that the documentation filed on behalf of Riverside Farm thus far does not adequately address our question of what authority Mr. Ettinger possesses to speak on behalf of and bind Riverside Farm. We are not aware of legal authority that allows for an individual to speak on behalf of and bind another entity merely because the individual serves on the entity's board. Thus, to the extent that Riverside Farm, the entity bestowed with party status by the District Commission, wishes to have Mr. Ettinger speak on its behalf and be bound by his representations, it must file an authorization resolution or other document upon which this Court and the other parties to this proceeding may rely. If a sufficient document is not filed by **Friday, January 13, 2012**, then we will be left to conclude that Riverside Farm has not chosen Mr. Ettinger to speak on its behalf in these appeal proceedings.

_____     _____December 22, 2011_____
Thomas S. Durkin, Judge                                          Date

=================================================================================

Date copies sent to: _____                    Clerk's Initials _____

Copies sent to:

C. Daniel Hershenson, Attorney for Appellants Chaves Londonderry Gravel Pit and David Chaves

David Grayck, Attorney for Cross-Appellants Riverside Farm and Thomas Ettinger

Hans Huessy, Attorney for Interested Persons Kraig Hart and Doreena Hart

Cross-Appellant Nancy Kemper

Interested Person Angelique Jarvis

Interested Person David A. Jarvis

Interested Person David M. Rathburn

For Informational Purposes Only Natural Resources Board

For Informational Purposes Only Agency of Natural Resources